UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MALAIKA JOSEPH and JADARIUS SIMMONS, )
                                                    )      **COMPLAINT**
                                                    )
                   Plaintiffs,         )
                                                    )      **JURY TRIAL DEMANDED**
       -against-                     )
                                                    )
THE CITY OF NEW YORK; NEW YORK CITY    )
POLICE OFFICER MICHAEL DAPPOLONIA,   )
Shield No. 14158; NEW YORK CITY POLICE   )
SERGEANT MICHAEL DUNLAVY, Shield No.   )
1346; JOHN DOES and RICHARD ROES,       )
                                                    )
                 Defendants.        )
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1.       This is a civil action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.       This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.       The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiffs filed a timely Notice of Claim with the Comptroller of the City of New York on September 18, 2014.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiffs at all times relevant herein were residents of the State of New York, County of New York.  Plaintiffs are African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9.     Defendants POLICE OFFICER MICHAEL DAPPOLONIA, NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE OFFICER MICHAEL DAPPOLONIA, NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE OFFICER MICHAEL DAPPOLONIA, NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY, and JOHN DOES are sued individually and in their official capacity.

10.     Defendants NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of

their duties and functions as supervisory officers, agents, servants, and employees of defendant

THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority

vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful

functions in the course of their duties.  Defendants NEW YORK CITY POLICE SERGEANT

MICHAEL DUNLAVY and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     Plaintiffs MALAIKA JOSEPH and JADARIUS SIMMONS are a couple.

12.     On July 5, 2014, Plaintiff MALAIKA JOSEPH was more than 7 months pregnant

with Plaintiffs' first child.

13.     Plaintiff MALAIKA JOSEPH at the time was visibly in the later stages of

pregnancy.

14.     On July 5, 2014, approximately 10:30 p.m., Plaintiffs MALAIKA JOSEPH and

JADARIUS SIMMONS were on the steps of Plaintiff JADARIUS SIMMONS' building, located

at 102 W. 114th Street, New York, NY, sitting and talking.

15.     At some point, Plaintiff JADARIUS SIMMONS went from the steps to the

sidewalk.

16.     Plaintiff MALAIKA JOSEPH remained on the steps.

17.     Neighbors across the street were having a barbecue, and approximately eight or

more JOHN DOES members of the NYPD went over to the barbecue.

18.     The neighbors' barbecue was not unruly, or otherwise problematic, but in any

event Plaintiffs had nothing to do with the barbecue, and were not near it.

19.     Approximately four or five male, uniformed JOHN DOES members of the NYPD – including, on information and belief, Defendants POLICE OFFICER MICHAEL DAPPOLONIA and NEW YORK CITY POLICE SERGEANT MICHAEL DUNLAVY - approached Plaintiff JADARIUS SIMMONS.

20.     One of the JOHN DOES members of the NYPD - on information and belief, Defendant POLICE OFFICER MICHAEL DAPPOLONIA - told Plaintiff JADARIUS SIMMONS that he had to move.

21.     Plaintiff JADARIUS SIMMONS told Defendant POLICE OFFICER MICHAEL DAPPOLONIA that he lived in the building.

22.     Defendant POLICE OFFICER MICHAEL DAPPOLONIA then asked Plaintiff JADARIUS SIMMONS for his identification.

23.     As Plaintiff JADARIUS SIMMONS was speaking with Defendant POLICE OFFICER MICHAEL DAPPOLONIA, Plaintiff MALAIKA JOSEPH walked over and asked the JOHN DOES Officers what the problem was.

24.     Defendant POLICE OFFICER MICHAEL DAPPOLONIA then aggressively got in Plaintiff MALAIKA JOSEPH's face, and aggressively and loudly told her, in sum in substance, that he did not have to tell her anything and that the police can do and say whatever they want to.

25.     Plaintiff JADARIUS SIMMONS told POLICE OFFICER MICHAEL DAPPOLONIA not to speak that way to Plaintiff MALAIKA JOSEPH, and said that she was pregnant.

26.     Plaintiff JADARIUS SIMMONS and POLICE OFFICER MICHAEL DAPPOLONIA then got into a verbal argument, and the other JOHN DOES came closer to

Plaintiff JADARIUS SIMMONS.

27.     Plaintiff MALAIKA JOSEPH took Plaintiff JADARIUS SIMMONS' arm and tried to walk him away from the situation.

28.      The JOHN DOES Officers then surrounded Plaintiffs, and violently pushed Plaintiff JADARIUS SIMMONS against a car.

29.     Plaintiff MALAIKA JOSEPH, frightened for Plaintiff JADARIUS SIMMONS, hugged him.

30.     The JOHN DOES Officers violently pulled Plaintiff MALAIKA JOSEPH from Plaintiff JADARIUS SIMMONS, causing her to fall and hit her left knee on the ground.

31.     The JOHN DOES Officers then choked Plaintiff JADARIUS SIMMONS, including one of the JOHN DOES Officers placing his arm around Plaintiff JADARIUS SIMMONS' neck in a chokehold.

32.     The JOHN DOES Officers otherwise manhandled Plaintiff JADARIUS SIMMONS, including wrenching his arm unnecessarily into a painful position.

33.     At this point some female, uniformed JOHN DOES Officers were also on the scene and, like the other JOHN DOES Officers present, did not intervene to prevent the violation of Plaintiffs' rights.

34.     The JOHN DOES Officers handcuffed Plaintiff JADARIUS SIMMONS behind his back with excessive and painful tightness, and brought him across the street.

35.     The JOHN DOES Officers placed Plaintiff JADARIUS SIMMONS into the back seat of a marked police car that had its windows closed.

36.     The police car was turned off, and it was swelteringly hot inside of the police car.

6

37.     The JOHN DOES Officers left Plaintiff JADARIUS SIMMONS in the sweltering police car for an inordinately long period of time (approximately half an hour to forty five minutes or so).

38.     After some time Plaintiff MALAIKA JOSEPH went over to the police car and asked the JOHN DOES Officers where Plaintiff JADARIUS SIMMONS would be taken to.

39.     Plaintiff MALAIKA JOSEPH made a number of inquiries of the JOHN DOES Officers as to where Plaintiff JADARIUS SIMMONS would be taken to.

40.     The JOHN DOES Officers did not provide a response to Plaintiff MALAIKA JOSEPH's inquiries.

41.     Plaintiff JADARIUS SIMMONS' father came over near Plaintiff MALAIKA JOSEPH, and began to speak with the JOHN DOES Officers.

42.     A JOHN DOE Officer then grabbed Plaintiff MALAIKA JOSEPH and placed her in handcuffs behind her back.

43.     The handcuffs were placed on Plaintiff MALAIKA JOSEPH with excessive and painful tightness.

44.     Plaintiff MALAIKA JOSEPH was held, standing handcuffed there, for some time.

45.     Plaintiff MALAIKA JOSEPH told the JOHN DOES Officers that she had to go to the hospital because her feet were hurting her, and because she was beginning to have pains on the left side of her stomach.

46.     The JOHN DOES Officers ignored Plaintiff MALAIKA JOSEPH's request to go to the hospital.

47.     The JOHN DOES Officers then debated for some time what to do with Plaintiffs,

7

and what charge or charges they should attempt to manufacture concerning Plaintiffs.

48.    One of the JOHN DOES Officers said, in sum and substance, that it would be a problem to let Plaintiffs go at the scene, so they would take Plaintiffs to the local precinct and release them from there.

49.    After a period of time, the JOHN DOES Officers put Plaintiff MALAIKA JOSEPH into the swelteringly hot police car beside Plaintiff JADARIUS SIMMONS.

50.    Defendant POLICE SERGEANT MICHAEL DUNLAVY (who, on information and belief, on July 5, 2014 had the rank of Police Officer) and a female JOHN DOE Police Officer then transported Plaintiffs to the local precinct, on information and belief the 28th Precinct.

51.    Plaintiff JADARIUS SIMMONS asked why Plaintiffs had been arrested during the trip to the precinct.

52.    Defendant POLICE SERGEANT MICHAEL DUNLAVY told Plaintiffs, in sum and substance, that he didn't give a fuck if they stayed in police custody all weekend.

53.    When they arrived at the precinct Defendant POLICE SERGEANT MICHAEL DUNLAVY also threatened Plaintiff JADARIUS SIMMONS with physical harm, and said that he would, in sum and substance, "drop" him.

54.    Plaintiffs were searched and processed and held in custody at the precinct for approximately an hour.

55.    Plaintiff MALAIKA JOSEPH, still having pains in her side, repeated her request to go to the hospital, but her request was ignored by JOHN DOES Officers at the precinct.

56.    After some period of time in in the cells at the precinct, Defendant POLICE OFFICER MICHAEL DAPPOLONIA removed Plaintiff MALAIKA JOSEPH from her cell, and

8

issued a summons to her.

57.     Defendant POLICE OFFICER MICHAEL DAPPOLONIA attempted to explain himself to Plaintiff MALAIKA JOSEPH, and told her, in sum and substance, that things should not have occurred as they did, but he could not have members of the community seeing him being disrespected, so he had to arrest Plaintiffs.

58.     Defendant POLICE OFFICER MICHAEL DAPPOLONIA also attempted to explain himself to Plaintiff JADARIUS SIMMONS, and told him, in sum and substance, the same thing (i.e., that that things should not have occurred as they did, but he could not have members of the community seeing him being disrespected, so he had to arrest Plaintiffs).  He also told Plaintiff JADARIUS SIMMONS, in sum and substance, that he could have just walked around his block and come back around again to the same place, and avoided arrest thereby.

59.     Both Plaintiffs were falsely charged with Disorderly Conduct by way of summonses that were issued by Defendant POLICE OFFICER MICHAEL DAPPOLONIA.

60.     The summonses falsely alleged that Plaintiffs refused to disperse.

61.     The summonses also falsely alleged that Plaintiffs were located at the corner of West 114th Street and Lenox Avenue (which was the location of the barbecue).

62.     Plaintiffs were located on 114th Street between Lenox Avenue and St. Nicholas Avenue.

63.     Defendant POLICE OFFICER MICHAEL DAPPOLONIA falsely alleged on the summons issued to Plaintiff JADARIUS SIMMONS as follows:

> At time place of occurrence the undersigned asked defendant to move from Location due to large crowd gathering defendant refused to disperse from location and Said I Live here.  Defendant was asked a second time to move and defendant

9

refused to move again.

64.    Defendant POLICE OFFICER MICHAEL DAPPOLONIA falsely alleged on the summons issued to Plaintiff MALAIKA JOSEPH as follows:

> At time place of occurrence the undersigned asked defendant to move from location due to large crowd at that time defendant told undersigned I will tell you what to do.

65.    Defendant POLICE OFFICER MICHAEL DAPPOLONIA's allegations on the summonses are false.

66.    No large crowd was gathered at or near where Plaintiffs were.

67.    Plaintiffs did not refuse to disperse, and Plaintiff MALAIKA JOSEPH never said "I will tell you what to do" or anything like that.

68.    Plaintiffs were notified by mail that the Disorderly Conduct charges on both of the summonses were dismissed by the Criminal Court on August 29, 2014.

## **FIRST CLAIM**

## **DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

69.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

70.    By their conduct and actions in falsely arresting and imprisoning, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to due process of, neglecting the medical needs of, violating and retaliating for the exercise of free speech and association of, unlawfully searching and seizing, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and /or evidence with regard to, Plaintiffs,

Defendants POLICE OFFICER MICHAEL DAPPOLONIA, NEW YORK CITY POLICE

SERGEANT MICHAEL DUNLAVY, and JOHN DOES, acting under color of law and without

lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused injury and damage in

violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United

States Constitution, including its First, Fourth and Fourteenth amendments.

71.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and

expenses, and were otherwise damaged and injured.

<u>**SECOND CLAIM**</u>

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

72.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

73.     By failing to remedy the wrongs committed by their subordinates, and in failing to

properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD

ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C.

§1983, and the United States Constitution, including its First, Fourth and Fourteenth

amendments.

74.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and

expenses, and were otherwise damaged and injured.

11

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK
## FOR CONSTITUTIONAL VIOLATIONS

75.     The plaintiffs incorporate by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

76.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

77.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies,

practices, customs, and usages of failing to properly train, screen, supervise, or discipline

employee police officers, and of failing to inform the individual defendants' supervisors of their

need to train, screen, supervise or discipline said defendants.  These policies, practices, customs,

and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

78.     At all times material to this complaint, the defendant THE CITY OF NEW YORK,

acting through its police department and through the individual defendants, had de facto policies,

practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other

law enforcement officers' misconduct, through the fabrication of false accounts and evidence

and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a

direct and proximate cause of the unconstitutional conduct alleged herein.

79.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto
policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of
and/or retaliation for individuals' exercise of free speech and association when police officers take
affront to such lawful protected activity including where individuals express verbal criticism of
police conduct or question the propriety of police conduct.  These policies, practices, customs,
and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

80.    At all times material to this complaint, the defendant THE CITY OF NEW YORK,
acting through its police department and through the individual defendants, had de facto policies,
practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and
frisks, and arrests, which are implemented disproportionately upon people of color.  Such policies,
practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct
alleged herein.

81.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered
bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and
expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

82.    The plaintiffs incorporate by reference the allegations set forth in all preceding
paragraphs as if fully set forth herein.

83.    The conduct of the individual defendants alleged herein, occurred while they were
on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

84.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

85.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     By the actions described above, defendants did inflict assault and battery upon the plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

88.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14

89.     By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

91.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

92.     By the actions described above, defendants violated plaintiffs' rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE
### OF RIGHTS TO FREE SPEECH AND ASSEMBLY

94.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

95.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

96.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### ABUSE OF PROCESS

97.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

98.     By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

100.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101.    The defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiffs.

102.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

103.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

104.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

105.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and

17

expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

## NEGLIGENCE

106.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

107.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

108.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

109.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

110.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and

18

expenses, and were otherwise damaged and injured.

## FOURTEENTH CLAIM

### CONSTITUTIONAL TORT

112.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

113.    Defendants, acting under color of law, violated plaintiffs' rights pursuant to Article I, §§ 6, 8, 11 and 12 of the New York State Constitution.

114.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

115.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTEENTH CLAIM

### MALICIOUS PROSECUTION

116.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

117.    By the actions described above, defendants maliciously prosecuted plaintiffs without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered

bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  The convening and empaneling of a jury to consider the merits of the claims herein;

      d.  Costs and interest and attorney's fees;

      e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
           September 30, 2015

                      __/S/__ Jeffrey A. Rothman_____
                      JEFFREY A. ROTHMAN, Esq.
                      Law Office of Jeffrey A. Rothman
                      315 Broadway, Suite 200
                      New York, New York 10007
                      (212) 227-2980

                      Attorney for Plaintiffs